UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH DELAP,

        Plaintiff,

    v.

U.S. BANK, N.A., as trustee relating to the
Chevy Chase Funding LLC Mortgage
Backed Certificates, Series 2005-1,
Successors in Interest or Assigns,

        Defendant.

Case No. 14-11970

Hon. Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Plaintiff Keith Delap initiated this action against U.S. Bank, N.A., as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-1, its successors and assigns ("U.S. Bank" or "Defendant"), in state court to redress alleged improprieties in the foreclosure of his home. Defendant removed the action to this Court and subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion, which Plaintiff declined to respond to, is before the Court. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument

pursuant to Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants

Defendant's Motion and dismisses the action with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Note, Mortgage, and Eventual Foreclosure

On October 5, 2004, Plaintiff accepted a $368,400 loan from Chevy Chase

Bank, F.S.B. ("Chevy Chase Bank" or "Lender"), and, in exchange, executed a

promissory note secured by a mortgage on real property commonly known as 2114

Shire Court, Commerce Township, Michigan (hereinafter the "Property").[1] (Note,

Def.'s Mot. Ex. A; Mortgage, Def.'s Mot. Ex. B.) The Mortgage, executed in

favor of MERS, "solely as a nominee for Lender and Lender's successors and

assigns[,]" designates MERS as "the mortgagee under this Security Instrument."

(Mortgage, Def.'s Mot. Ex. B.) The Mortgage was recorded with the Oakland

County Register of Deeds at Liber 34281, Page 545. (Sheriff's Deed attach.

Notice of Removal as Ex. B.)

On April 3, 2013, MERS assigned the Mortgage to U.S. Bank.

(Assignment, Def.'s Mot. Ex. C.) The assignment reflecting this property transfer

---

[1] The Complaint alleges that Plaintiff obtained financing from U.S. Bank. (Compl. ¶ 7.) The Note and Mortgage, however, unambiguously provide that Chevy Chase Bank was the originating lender. Although Plaintiff did not attach the Note or Mortgage to his Complaint, the Court may properly consider these documents, as well as the Assignment and Sheriff's Deed, as they are central to Plaintiff's claims and are matters of public record. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

was recorded with the Oakland County Register of Deeds on May 3, 2013 at Liber 45746, Page 16. (*Id.*)

Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments. Plaintiff's pleading does not go so far as to admit the default outright; however, Plaintiff makes several allegations regarding a request for a loan modification, which implicitly suggests that Plaintiff was unable to keep up with his obligations pursuant to the original loan agreement. (*See, e.g.*, Compl. ¶ 11 ("Plaintiff timely submitted a request for a loan modification package[.]").) As a result of the default, Defendant initiated a foreclosure by advertisement pursuant to Michigan's statutory scheme; however, it allegedly did so "without regard to the modification agreement entered into, and" in contravention of Michigan Compiled Laws § 600.3204. *et seq.* (*Id.* ¶ 15.)

According to affidavits attached to the Sheriff's Deed, notice of the foreclosure was posted on the Property on June 13, 2013. (Aff. of Posting attach. Sheriff's Deed, Notice of Removal Ex. B.) On October 22, 2013, U.S. Bank purchased the Property at a sheriff's sale for $252,705.66. (Sheriff's Deed, Notice of Removal Ex. B.) The deed issued at the sheriff's sale was recorded with the Oakland County Register of Deeds on November 6, 2013 at Liber 46511, Page 274. (*Id.*) The statutory redemption period expired on April 22, 2014, with Plaintiff failing to redeem. Mich. Comp. Laws § 600.3240(8).

3

B.    **Court Proceedings**

On April 7, 2014, roughly two weeks prior to the close of the redemption period, Plaintiff filed a complaint in the Circuit Court for Oakland County in Oakland County, Michigan.  Defendant received a copy of this complaint, as well as a state court summons, on April 17, 2014, and, on May 16, 2014, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

Plaintiff's Complaint contains ten counts: Count I – Fraudulent Misrepresentation; Count II – Breach of Contract; Count III – Violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1061 *et seq.*; Count IV – Violation of 15 U.S.C. § 1639; Count V – Quiet Title; Count VI – Violation of Michigan Compiled Laws § 600.3204 *et seq.*; Count VII – Slander of Title; Count VIII – Defamation; Count IX – Intentional Infliction of Emotional Distress; and Count X – Injunctive Relief.[2]

---

[2] As the Court was drafting this Opinion and Order, it was struck by the curious similarity between the instant pleading and the amended pleading filed in *Gjokaj v. HSBC Mortgage Services, Inc.*, No. 14-11119, 2014 U.S. Dist. LEXIS 89205 (E.D. Mich. July 1, 2014) (Duggan, J.).  Upon review, the complaints – which were filed by different attorneys – are virtually identical.  The pleading in *Gjokaj* contained eight of the ten counts included in the instant pleading, opting not to include counts for defamation or intentional infliction of emotional distress.  This observation, coupled with the Court's awareness that Plaintiff's counsel had, on at least one occasion, filed a complaint oft used by another attorney, led the Court to explore a bit further.  *Compare Akinwusi v. Fed. Home Loan Mortgage Corp.*, No. 12-15185, 2013 U.S. Dist. LEXIS 43196 (E.D. Mich. Mar. 27, 2013)

4

While far from a model of clarity, it appears that Plaintiff's allegations of wrongdoing principally relate to Defendant's purported "fail[ure] to provide Plaintiff the proper disclosures" regarding the terms of the loan at origination as well as Defendant's failure to comply with Michigan's loan modification statute. (Compl. ¶¶ 8-9, 11-11-12, 15.)  Plaintiff also complains that "Defendant has

_____

(Duggan, J.) (five-count complaint filed by Plaintiff's counsel) *with Shamoun v. Fannie Mae*, No. 12-15608, 2013 U.S. Dist. LEXIS 71392 (E.D. Mich. May 21, 2013) (Duggan, J.) (same five-count complaint filed by a different attorney who was sanctioned by another judge on this bench).

A report generated by CM/ECF indicates that Plaintiff's counsel has filed seventy-two (72) residential mortgage foreclosure actions since 2013.  Sixteen (16) of these did not survive dispositive motion practice. Over half of the cases, forty-six (46) to be exact, were terminated by way of stipulated orders of dismissal. Some of these appear to have been resolved favorably for the plaintiff(s), although it is impossible to determine the precise figure.  Of these forty-six, at least four filed in 2014 used the exact same complaint used in this case (with minor edits reflecting the proper parties, pronouns, and addresses).  *See Latner v. Bank of Am., N.A.*, No. 14-11288; *Henderson v. Bank of Am., N.A.,* No. 14-10751; *Barnhard v. Fed. Home Loan Mortgage Corp.*, No. 14-11010; *Corey v. Wells Fargo Bank, N.A.*, No. 14-11255.  With respect to cases filed prior to 2014, the complaints are, once again, strikingly similar, each, for example, containing counts for "Estoppel." It appears that counsel occasionally substitutes one form pleading for another.

Not including this action, there are nine (9) cases filed by Plaintiff's counsel pending in the Eastern District of Michigan.  Of these, eight (8) utilized the same initiating document; the one that did not involves a tenant-plaintiff.  *See Santilli v. JPMorgan Chase Bank, N.A.*, No. 14-12359; *Coolahan v. JPMorgan Chase Bank, N.A.*, No. 14-11179; *Woods v. Carrington Mortgage Servs., L.L.C.*, No. 14-12017; *Griffin v. PNC Bank, N.A.*, No. 14-11853; *Bates v. JPMorgan Chase Bank, N.A.*, No. 14-11312; *Tabaszewski v. Wells Fargo Bank, N.A.*, No. 14-12416; *Gorski v. JPMorgan Chase Bank, N.A.*, No. 14-12621; *Thompson v. JPMorgan Chase Bank, N.A.*, No. 14-11935.

Thus far in 2014, Plaintiff's counsel has filed the same form pleading (again, with minor alterations) no less than thirteen (13) times.  Because most, if not all, of the seventy-two cases were removed from state court, it is not possible to ascertain how many times the complaint has been recycled.

5

contacted various third parties and made misrepresentations about Plaintiff's

character and has disclosed his personal information."  (*Id.* ¶ 13.)

Upon stipulation of the parties extending Defendant's time to answer the

complaint, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) on June 13, 2014.  Plaintiff elected not to respond.

## II.    GOVERNING LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows

the Court to assess whether a plaintiff's pleadings state a claim upon which relief

may be granted.  Fed. R. Civ. P. 12(b)(6).  As articulated by the Supreme Court of

the United States, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974

(2007)).  This facial plausibility standard requires claimants to put forth "enough

fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the

requisite elements of their claims.  *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965.

Even though a complaint need not contain "detailed" factual allegations, its

"factual allegations must be enough to raise a right to relief above the speculative

level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548

(6th Cir. 2007) (citation omitted).

6

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

In addition to evaluating the sufficiency of the factual allegations in the complaint itself, courts may consider any exhibits attached to the complaint, matters of public record, and exhibits attached to a defendant's 12(b)(6) motion, provided that the latter are referred to in the complaint and are central to the claims therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

In the present case, the Court has considered documents, all of which are public, relating to the mortgage and foreclosure.

### III.   ANALYSIS

### A.   General Principles Governing Foreclosures by Advertisement

Foreclosures by advertisement, such as the foreclosure at issue in this case, as well as the rights of both the mortgagor and mortgagee after a foreclosure sale

has occurred, are governed by Michigan statutory law.  *See, e.g.*, *Senters v. Ottawa Sav. Bank, F.S.B.*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (Mich. 1993); *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citation omitted).

Pursuant to Michigan law, a mortgagor has six months from the date of the sheriff's sale to redeem foreclosed property.  Mich. Comp. Laws § 600.3240(8). Significant consequences flow from a mortgagor's failure to redeem prior to the expiration of the statutory redemption period: the mortgagor's "right, title, and interest in and to the property" are extinguished, *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514, 517 (Mich. 1942), and the deed issued at the sheriff's sale "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[,]"  Michigan Compiled Laws § 600.3236.  This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently by state and federal courts alike to bar former owners from making any claims with respect to a foreclosed property after the statutory redemption period has lapsed.

There is one caveat to the general rule described above: after the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff-mortgagor makes "a clear showing of fraud, or irregularity[.]"

*Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969); *Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643).   In order to satisfy this standard, a plaintiff-mortgagor's pleading must allege misconduct related to the foreclosure procedure itself.  *Conlin*, 714 F.3d at 360; *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (Mich. 1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

If fraud or irregularity is shown in connection to the foreclosure procedure, the result is "a foreclosure that is voidable, not void *ab initio*."  *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (Mich. 2012).  In order "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply" with Michigan's foreclosure by advertisement statute.  *Id.*; *Conlin*, 714 F.3d at 361.  "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute."  *Kim*, 493 Mich. at 115-16, 825 N.W.2d at 337 (footnote omitted).

9

B.      **Setting Aside the Foreclosure Sale**

Because the redemption period in the present case has expired, the Court

must analyze Plaintiff's claims within the fraud or irregularity framework outlined

above.  Thus, the Court must decide whether, under Michigan law, the foreclosure

sale can be set aside, or is voidable, on the facts alleged.

Upon review, not a single count in Plaintiff's ten-count Complaint even

arguably constitutes fraud or irregularity in connection with the foreclosure

procedure, rendering the entire action both factually and legally frivolous.  Counts

I through IV are entirely untethered from the foreclosure procedure, as the facts

alleged in each of these counts pertain to the origination of the loan.[3]

The remaining six counts fare no better.  Counts V and X, for quiet title and

injunctive relief, respectively, are not independent causes of action but rather are

remedies.  Counts VII, VIII, and IX purport to state claims for various torts –

slander of title, defamation, and intentional infliction of emotional distress,

respectively – but the tortious acts alleged are neither clear nor related to the

foreclosure procedure.  This leaves Count VI, which is premised upon Defendant's

---

[3] Count I, entitled fraudulent misrepresentation, alleges fraud in the origination of the loan.  In Count II, Plaintiff indicates that "Defendant breached the Loan Agreement by failing to disclose material facts, by making false and misleading statements and by engaging in deficient mortgage servicing and foreclosure processes."  (Compl. ¶ 27.)  Count III alleges that Defendant failed to provide "required notices and disclosures under the" RESPA "and/or the" TILA. (*Id.* ¶ 30.)  In Count IV, Plaintiff claims that Defendant extended credit to Plaintiff without verifying his ability to repay the debt.  (*Id.* ¶ 36.)

alleged failure to comply with Michigan's loan modification statute. However, failure to comply with the loan modification statute does not constitute a showing of fraud or irregularity in the foreclosure procedure. *See, e.g.*, *Williams v. Pledged Property II, L.L.C.*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Despite the fact that [loan] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself.").

Although Plaintiff has failed to plead facts that, accepted as true, entitle him to the relief he seeks, the Court addresses each count in Plaintiff's Complaint. The Court is mindful that principles of judicial efficiency may counsel against proceeding in this fashion; however, the Court assumes that its approach is not an exercise in futility. The Court strongly encourages Plaintiff's counsel to carefully read this Opinion and Order as well as the cases cited herein. Any complaints filed by Plaintiff's counsel after the issuance of this Opinion and Order will be carefully scrutinized. The continued filing of cookie-cutter complaints may result in the imposition of sanctions, as will the filing of complaints that, although restyled, make similarly frivolous arguments in a thinly-veiled attempt to delay eviction. *See Landis v. Fannie Mae*, 922 F. Supp. 2d 646 (E.D. Mich. 2013) (sanctioning counsel for repeatedly filing virtually identical complaints in mortgage cases wholly lacking in merit).

## C.    Plaintiff's Individual Counts

11

### 1.      *Count I – Fraudulent Misrepresentation*

In Count I, Plaintiff seeks to state a claim for fraudulent misrepresentation based on allegations that he was misled about the terms of his loan at the time he entered the transaction.  Defendant's failure to provide Plaintiff with the "notices and disclosures that were required by law" prevented Plaintiff from being "advised of the true details of the Loan transaction."  (Compl. ¶ 19(a).)

In order to state a *prima facie* claim of fraud under Michigan law, "a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury."  *Roberts v. Saffell*, 280 Mich. App. 397, 403, 760 N.W.2d 715, 719 (2008).

Beyond containing each of the aforementioned elements, claims of fraudulent conduct must adhere to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule requires a plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead where and when the statements were made;

12

and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citation omitted); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("As a sister circuit has phrased it," Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where, and how' of the alleged fraud.") (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

The Complaint here contains little more than conclusory allegations unsupported by factual enhancement.  The most glaring deficiency with Plaintiff's allegations concerns the first element of fraud, which requires Plaintiff to allege that Defendant made a material representation.  *Roberts*, 280 Mich. App. at 403, 760 N.W.2d at 719.  A cursory review of the Mortgage reveals that U.S. Bank was not involved with the origination of Plaintiff's loan.[4]  Thus, even assuming the verity of Plaintiff's bare-bone allegations, any misconduct at the origination stage could not logically have involved any of Defendant's agents.

The only fair inference from the Complaint is that the alleged misrepresentations or omissions were the result of the conduct of an agent of the originating lender, Chevy Chase Bank, which is not a party to this action.  Even if

---

[4] Plaintiff obtained his loan from non-party Chevy Chase Bank.  MERS served as nominee holding the mortgage, which it assigned to U.S. Bank in April of 2013, approximately eight-and-a-half years after Plaintiff accepted the loan.

13

Plaintiff had adequately pled fraud, which he has not, to the extent the original lender committed misconduct during the loan origination, such conduct cannot be imputed to Defendant as successors or assignees. *Stacey v. Vista Mortgage Corp.*, No. 10-13769, 2011 U.S. Dist. LEXIS 146726, at *8 (E.D. Mich. Dec. 21, 2011) (Steeh, J.) (citing *Swarich v. OneWest Bank, FSB*, No. 09-13346, 2009 U.S. Dist. LEXIS 108644 , at *19 (E.D. Mich. Nov. 20, 2009) (Edmunds, J.) (granting defendant's motion to dismiss because the alleged misrepresentations were made by an employee of the original lender, and not by any employee of defendant company, the current holder of the mortgage)).

It necessarily follows that Count I fails to state a claim upon which relief can be granted.[5] *Coyers v. HSBC Mortgage Servs.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (affirming dismissal of borrowers' fraud claims against defendant loan servicer where plaintiffs asserted claims based on misrepresentations at the time of origination and loan servicer "had no involvement with the inception" of the loan).

## 2.    *Count II – Breach of Contract*

In Count II, Plaintiff seeks to state a claim for breach of contract, specifically, breach of the loan agreement Plaintiff entered with Defendant.

---

[5] The Court also notes that Michigan's statute of limitations for claims sounding in fraud is six years.  Mich. Comp. Laws § 600.5813.  Plaintiff's claims necessarily accrued on or before October 5, 2004, when the loan documents were executed.  The instant action was filed well after the six-year period lapsed.

In Michigan, a prima facie breach of contract claim requires a plaintiff to allege: (1) the existence of a valid contract, (2) establish the contract's terms, (3) evidence of a breach to those terms, and (4) an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999).

Although Plaintiff did not supply this Court with a copy of the Mortgage or otherwise endeavor to establish the contractual terms, Defendant furnished a copy of the Mortgage and Note.   Accordingly, the first two elements are arguably satisfied.  Plaintiff alleges a breach of original mortgage agreement but Defendant was not involved with the conduct Plaintiff points to as evidence of the breach. The sole allegation in Count II relating to any purported breach is Plaintiff's generalized assertion that "Defendant breached the Loan Agreement by failing to disclose material facts, by making false and misleading statements and by engaging in deficient mortgage servicing and foreclosure processes."  (Compl. ¶ 27.)  This allegation, entirely lacking in factual support or enhancement, is wholly insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Accordingly, the Court dismisses Count II with prejudice.

*3.      Count III – Violations of the RESPA and the TILA*[6]

Count III alleges that "[w]hen Defendant entered Loan negotiations, no attempt was made by Defendant to give required notices and disclosures under the [RESPA] and/or the [TILA]."  (Compl. ¶ 30.)  Further, "Defendant imposed charges, fees and costs as stated above in violation of law."  (*Id.* ¶ 31.)  "[B]y reason of its unethical and illegal activity," "Defendant . . . added to and inflated the principal balance owed on the Home, thereby depriving Plaintiff of his property rights."  (*Id.* ¶ 32.)  The Complaint does not elaborate further on Defendant's allegedly unlawful conduct and, frankly, it is entirely unclear from these assertions which provisions of the RESPA or the TILA Defendant allegedly violated.

Once again, the Court finds it necessary to note that Defendant did not "enter[] Loan negotiations" with Plaintiff, as Chevy Chase Bank was the originating lender.  Further, even if it had, both the RESPA and the TILA contain statutes of limitations that expired no less than six years ago.  12 U.S.C. § 2614 (providing that actionable claims under the RESPA must be brought within one or three years from the date of the occurrence of the violation); 15 U.S.C. § 1640 (providing that any action for damages under the TILA must be brought within one year from the date of the occurrence of the violation).  While the Complaint alleges that "[t]he statutes of limitation in this matter are subject to equitable tolling

---

[6] The Court cautions Plaintiff's counsel against combining two distinct claims in a single count.

because the Loan intentionally violates state and federal laws[,]" (Compl. ¶ 14), the Court is left to guess which laws were intentionally violated and by whom. *Cf. Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 954 (E.D. Mich. 2009) (dismissing claimed entitlement to equitable tolling of the TILA's limitations period where plaintiffs failed to present any allegations in support of such relief).

Because a mere claim of entitlement to an equitable remedy falls far short of showing an entitlement to relief, the Court dismisses Count III with prejudice due to the expiration of statutory limitations periods.

**4.      *Count IV – Violation of 15 U.S.C. § 1639(h)***

In Count IV, Plaintiff contends that Defendant violated the Home Ownership and Equity Protection Act ("HOEPA"), which amended the TILA and is codified at 15 U.S.C. § 1639(h), by extending credit to Plaintiff without regard to his ability to repay debt.  (Compl. ¶ 36.)  This claim is subject to dismissal because U.S. Bank never extended credit to Plaintiff (rather, as this Court has stated repeatedly, Chevy Chase Bank extended the credit) and because the one-year statute of limitations set forth at 15 U.S.C. § 1640(e) has long since expired.

**5.      *Count V – Quiet Title***

Count V purports to state a claim for quiet title.  However, quiet title actions are remedies, not independent causes of action.  *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928-29 (6th Cir. 2013) (per curiam) (affirming district court's

17

dismissal of plaintiff's quiet title count on this basis).  Michigan law does, however, provide a statutory mechanism for quieting title, which the Court addresses in the interest of completeness.

Michigan Compiled Laws § 600.2932(1) provides, in pertinent part: "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims  . . . [an inconsistent interest]."  This statutory language requires a plaintiff seeking to quiet title to establish a substantive right in the property superior to others claiming an inconsistent interest.  *Beach v. Twp. of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1, 8 (Mich. 2011).  Plaintiff bears the initial burden of proof and must establish a prima facie case of title.  *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984) (citation omitted).  "Establishing a prima facie case of title requires a description of the chain of title through which ownership is claimed."  *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

Plaintiff has not alleged facts establishing a prima facie case of title. Nowhere in the Complaint does Plaintiff mention anything even closely resembling the chain of title through which ownership is claimed.  (Compl. ¶¶ 40-43.)  Rather, Plaintiff makes wholly conclusory allegations such as "Defendant does not have a valid security interest in the Home because Plaintiff signed the

18

Mortgage and Note by reason of Defendant's failure to disclose material facts and by making false and misleading representations." (*Id.* ¶ 41.)

Of greater import, "Plaintiff does not contest that he failed to pay and defaulted on the loan. He provides no allegations to indicate that he has a plausible claim of ownership superior to the Bank's." *Rydzewski v. Bank of N.Y. Mellon*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *10 (E.D. Mich. Sept. 12, 2012) (Cohn, J.). Ironically, Plaintiff's Complaint supports a finding that Defendant has superior title to the Property based on the sheriff's sale and expiration of the redemption period. *Piotrowski*, 302 Mich. at 186, 4 N.W.2d at 516 (explaining that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption").

Accordingly, the Court dismisses Count V with prejudice.

**6.     *Count VI – Violation of Michigan Compiled Laws § 600.3204 et seq.***

In Count VI, Plaintiff seeks relief on the basis that Defendant violated Michigan's loan modification and foreclosure by advertisement statutes. Specifically, "Defendant initiated foreclosure of the Home without giving the required notices under MCL 600.3205a." (Compl. ¶ 45.) Plaintiff did, however, submit a timely "request for a loan modification package in response to notice sent pursuant to MCL 600.3204(4)." (*Id.* ¶ 46.) Inexplicably, this "foreclosure notice fails to comply with MCL 600.3204(4)." (*Id.* ¶ 50.)

19

Further, "Plaintiff could not refinance the Home within the redemption period due to Defendant's failure to notify him of the foreclosure sale." (*Id.* ¶ 49.) Plaintiff notes that he "qualified and continues to qualify for modification of the subject Mortgage and Note." (*Id.* ¶ 47.) Elsewhere in the Complaint, Plaintiff alleges that Defendant "initiated foreclosure proceedings without regard to the modification agreement entered into[.]" (*Id.* ¶ 15.) It is entirely unclear whether this alleged agreement was oral or reduced to a writing, but a copy of this alleged modification agreement has not been supplied to the Court and is therefore barred by Michigan's statute of frauds.[7]

Looking beyond the fact that the Complaint's assertions are rather contradictory and are belied by the affidavits attached to the Sheriff's Deed,

---

[7] Hornbook contract law teaches that certain agreements must be in writing to be enforceable and that a state's statute of frauds supplies the types of agreements that fall within this category. Michigan's statute of frauds expressly provides that "an action shall not be brought against a financial institution to enforce [a promise or commitment to make any financial accommodation respecting a loan] unless the promise or commitment is in writing and signed with an authorized signature by the financial institution[.]" Mich. Comp. Laws § 566.132(2). As the Michigan Court of Appeals has explained, this statute precludes a party "from bringing a claim--no matter its label--against a financial institution to enforce the terms of an oral promise[.]" *Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). Assuming the Complaint contains sufficient factual allegations to establish the existence of an oral promise to modify the loan, Plaintiff has not even alleged the existence of a writing signed by Defendant the modification. As such, any claim arising from a purportedly wrongful refusal to modify Plaintiff's loan must be dismissed as barred by Michigan's statute of frauds. *Rydzewski v. Bank of N.Y. Mellon*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *13 (E.D. Mich. Sept. 12, 2012) (Cohn, J.).

Plaintiff's claims fail for a number of reasons. First, Plaintiff's suggestion that the allegedly defective notice under Michigan Compiled Laws § 600.3205a constitutes an irregularity sufficient to set aside the sheriff's sale is mistaken. *See, e.g.*, *Galati v. Wells Fargo Bank, N.A.*, No. 11-11487, 2011 U.S. Dist. LEXIS 126124, at *10-11 (E.D. Mich. Nov. 1, 2011) (Cohn, J.) (holding that failure to provide "notice of [the] right to request a modification meeting under Michigan Compiled Laws § 600.3205a(1)(b)" does not constitute a "sufficient irregularit[y] to void the foreclosure sale"); *Brezzell v. Bank of Am., N.A.*, No. 11-11476, 2011 U.S. Dist. LEXIS 74291, at *15 (E.D. Mich. July 11, 2011) (Edmunds, J.) ("Even if Defendants violated [Michigan Compiled Laws § 600.3205a], that is not enough to set aside the foreclosure sale.").

Second, to the extent Plaintiff seeks relief for Defendant's purported noncompliance with Michigan's loan modification procedures on the basis that such noncompliance constitutes a structural defect rendering the foreclosure void *ab initio*, the Court notes that such a theory was explicitly rejected by the Michigan Supreme Court in *Kim*. 493 Mich. at 115, 825 N.W.2d at 337.

Third, and lastly, the loan modification statute "does not permit the Court to set aside a completed foreclosure sale." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) Rather, the statute provides for a specific remedy in cases where a foreclosure

21

by advertisement is commenced in violation of the loan modification statute: "the
borrower may file an action in the circuit court for the county where the mortgaged
property is situated to convert the foreclosure proceeding to a judicial foreclosure."
Mich. Comp. Laws § 600.3205c(8); *Block v. BAC Home Loans Serv., L.P.*, 520 F.
App'x 339, 340-41 (6th Cir. 2013) ("[T]he remedy for a breach of the loan-
modification statute is to 'convert the foreclosure proceeding to a judicial
foreclosure.'") (citation omitted); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749,
756 (6th Cir. 2012).  Here, the foreclosure is complete and the redemption period
has expired; there is, therefore, nothing to convert.

Accordingly, the Court dismisses Count VI with prejudice.

### 7.      *Count VII – Slander of Title*

Count VII of Plaintiff's Complaint seeks to state a claim for slander of title.
Plaintiff contends that Defendant slandered his title because Defendant did not
have a valid security interest in the home by reason of "illegal conduct," yet caused
the sheriff's sale nonetheless.  (Compl. ¶¶ 52-55.)

Slander of title claims have both a common law and statutory basis in
Michigan.  *B&B Inv. Group v. Gitler*, 279 Mich. 1, 8, 581 N.W.2d 17, 20 (Mich.
Ct. App. 1998); Mich. Comp. Laws § 565.109.  Irrespective of which basis a
plaintiff seeks to invoke, that plaintiff must plead "falsity, malice and special

damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Id.*

Count VII fails to even contain a "[t]hreadbare recital of the elements of" a slander of title action, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, and therefore necessarily fails to state a claim upon which relief can be granted. As such, the Court dismisses Plaintiff's slander of title claim with prejudice.

## 8. *Count VIII – Defamation*

In Count VIII, Plaintiff attempts to assert a claim for defamation. Without any factual support or detail, Plaintiff asserts that Defendant made certain unidentified "[a]ccusations . . . related to Plaintiff's character and personal information" that were "false." (Compl. ¶ 57.) "Defendant published these remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity." (*Id.* ¶ 58.) This publication was not privileged and resulted in reputational damage and economic harm. (*Id.* ¶¶ 59-60.)

In Michigan, defamation claims consist of four elements: "(1) a false and defamatory statement; (2) publication to a third party; (3) fault – at least negligence – in publishing the statement; and (4) either actionability of the statement irrespective of special harm (defamation *per se*) or . . . special harm caused by publication (defamation *per quod*)." *Colista v. Thomas*, 241 Mich. App. 529, 538, 616 N.W.2d 249, 254 (Mich. Ct. App. 2000) (citation omitted).

Plaintiff has failed to identify a single false or defamatory statement made by Defendant, nor does he identify any third party to whom such statement was made.  As with the other counts, Plaintiff merely parrots the elements of defamation without providing the requisite factual enhancement to render his claims facially plausible.  The Court dismisses Count VIII with prejudice.

**9.     Count IX – Intentional Infliction of Emotional Distress**

In Count IX, Plaintiff asserts a claim of intentional infliction of emotional distress.  Under Michigan law, this requires Plaintiff to show: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.  *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010) (applying Michigan law) (citation omitted). "Such conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'"  *Id.* (quotation omitted).

Although the Complaint alleges that Defendant's "conduct as outlined hereinabove was extreme, outrageous, and of such character as not to be tolerated by a civilized society[,]" (Compl. ¶ 63), the Complaint is, once again, devoid of any factual allegations supporting this conclusory statement.  Count IX is dismissed with prejudice.

**10.     Count X – Injunctive Relief**

24

Plaintiff requests injunctive relief in Count X. Plaintiff has alleged neither facts nor a legal basis supporting application of this remedy. Because Plaintiff has not shown an entitlement to any form of relief on the cognizable causes of action contained in his Complaint, Count X is dismissed with prejudice.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint, a complaint that has been reused and recycled by Plaintiff's counsel on no less than thirteen occasions this year, falls woefully short of stating a viable claim for relief under any of the ten legal theories contained within its corners. Plaintiff's counsel is on notice that should such frivolous claims appear before the undersigned again, attorney's fees and sanctions will likely result. Plaintiff's counsel has at least nine residential foreclosure complaints pending before other judges in this district, eight of which were instituted using the same cookie-cutter complaint filed in this matter. While the Court refrains from expressing its opinion on the merits of these complaints, it cautions counsel that the repeated filing of such complaints may constitute professional misconduct. *Landis*, 922 F. Supp. 2d 646; *Kopko v. Bank of N.Y. Mellon*, No. 12-13941, 2012 U.S. Dist. LEXIS 152980, at *17 n.6 (E.D. Mich. Oct. 23, 2012) (Duggan, J.) ("Plaintiff's counsel['s] . . . repeated use of the almost identical complaint without changes necessary to reflect the circumstances of the particular case renders his unprofessional conduct even more offensive."). Prudence suggests that Plaintiff's

counsel should reevaluate any other actions pending before any member of this bench to determine whether each claim asserted has an arguable basis in fact and in the law, as required by Federal Rule of Civil Procedure 11.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Ms. Renette Jackson, is directed to reevaluate all residential foreclosure actions pending in the Eastern District of Michigan to determine whether each claim asserted has an arguable basis in fact and law.

Dated: September 9, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Renette Jackson, Esq.**
**Jeffrey D. Pilgrim, Esq.**
**Sulejman F. Dizdarevic, Esq.**
**Stephen W. King, Esq.**

26